Davis *vs*. Clark *et al.*

---

C. M. DAVIS, executor, plaintiff in error, *vs*. JAMES M. CLARK *et al.*, defendants in error.

Where complainant's bill alleged that he had sold certain lands, and taken notes for part of the purchase money; that he was induced by fraud to enter a credit on such notes without receiving proper consideration there-for; and that the defendants had combined to defeat the payment of the balance due him, and praying that the credit be corrected, and the land sold to pay the balance aforesaid:

*Held*, that it was error to require him to elect whether he would proceed for the purchase money or for the recovery of the land.

Equity. Practice in the Superior Court. Jurisdiction. Before Judge WRIGHT. Calhoun Superior Court. March Term, 1876.

The following, taken in connection with the decision, suffi-ciently reports the facts of this case :

Complainant alleged that he had agreed to take from Haw-kins, as a partial payment on the balance of the purchase money due for the land bought by Clark & Hawkins, certain notes which the latter had deposited in the Bank of Ameri-cus; that said Hawkins assured him that they amounted to

$3,000 00, and promised to make the proper correction if there should prove to be a mistake in the amount so alleged to be due and unpaid ; that, induced by these representations, he entered a credit of $3,000 00 upon the notes; that afterwards he found that the amount due and unpaid was less than the credit given, by $1,000 00; and that Hawkins refused to make the necessary correction.  Further, that Clark transferred the bond for titles to one Bell; that Hawkins sold the land to J. Tomlinson, and made him a deed thereto ; that the son of the latter was put in possession ; that the place was allowed to be sold for taxes; that the son, who was in possession, bought it and took title in his own name; that all these parties took with notice, and acted in concert to defeat the collection of the balance of the purchase money.

The bill was filed in Calhoun county, where the younger Tomlinson resided; the other defendant did not live in such county.

B. B. BOWER ; C. B. WOOTEN ; J. J. BECK ; GUERRY & SON, for plaintiff in error.

VASON & DAVIS ; STROZER & SMITH, for defendants.

WARNER, Chief Justice.

This was a bill filed by the complainant against the defendants for the purpose of correcting a credit which had been made on a note given by two of the defendants for the balance of the purchase money, due by them, for a settlement of land which they had purchased of the complainant, he giving them a bond to make titles when the purchase money should be paid, on the allegations as to the manner by which said credit was caused to be made on the note, and also alleging a combination between the defendants by means of a sale of the land under a tax execution and otherwise, to defeat the collection of the complainant's debt, with a prayer that the land might be decreed to be sold for the payment of the balance of the purchase money due therefor.

Davis *vs.* Clark *et al.*

On the trial of the case, the court required the complainant to elect whether he would proceed for the purchase money due, or for the recovery of the land. Whereupon, his counsel elected to proceed for the purchase money. The defendants then moved the court to strike Bell and the two Tomlinson from the bill, on the ground that they were not then proper parties to the bill, and that no decree could be rendered against them, which motion the court sustained, although during the argument of that motion the counsel for the complainant asked the privilege to withdraw the election they had been compelled to make, and to elect the recovery of the land, which request the court refused. After the names of Bell and the two Tomlinsons had been stricken from the bill, the counsel for Clark and Hawkins moved the court to dismiss the bill for want of jurisdiction, which motion the court sustained and dismissed the complainant's bill. To all of which said rulings of the court, the complainant excepted.

In our judgment, in view of the allegations contained in the complainant's bill, the court erred in requiring the complainant to elect whether he would proceed for the purchase money due, or for the land. The complainant was entitled to a hearing and trial upon all of the equitable grounds alleged in his bill, which, if true, would have entitled him to relief.

This ruling of the court, requiring the complainant to make his election, being erroneous, the subsequent orders striking Bell and the Tomlinsons from the bill, and then dismissing it for want of jurisdiction, was also error.

Let the judgment of the court below be reversed.